# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MAURICE ANTHONY DE'HOUITT ALBORNOZ, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action Number 3:20-CV-143 |
| CORECIVIC OF TENNESSEE, LLC, ) LORRIE HENSON, M.D., CRAIG ) MURRAY, and CHUKWUNONSO ) OKONKWO, ) ) | District Judge William L. Campbell, Jr. Magistrate Judge Barbara D. Holmes Jury Demand |
| Defendants. ) | |

## AGREED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION[1]

In order to protect the confidentiality of discovery responses, documents, information, and materials that the parties contend are confidential obtained by Plaintiff Maurice Anthony De'Houitt Albornoz, and Defendants CoreCivic of Tennessee, LLC, Lorrie Henson, M.D., Craig Murray, and Chukwunonso Okonkwo in connection with this case, the parties hereby agree:

1. Any party or non-party may designate as "CONFIDENTIAL" (by stamping or writing on the relevant page or otherwise set forth herein) any discovery response, document, or material which that party or non-party considers in good faith to contain information involving confidential business or security information or information invasive of legitimate privacy interests. Only discovery responses, documents, or materials that are stamped or designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" when produced by a

---

[1] The Court's substantive modifications to the parties' agreed protective order are delineated by striking through deleted language (if any) and underlining added language.

party or non-party shall be entitled to protection pursuant to the terms of this Order. The foregoing notwithstanding, all discovery responses, documents, and materials shall be treated as CONFIDENTIAL, whether or not so designated, for a period of fourteen (14) days following their production by a party or non-party. If within fourteen (14) days of production of any discovery responses, documents, or materials not marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" the producing party determines that such discovery responses, documents, or materials are entitled to treatment as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY," such person shall so notify all parties in writing, specifically identifying the produced discovery responses, documents or materials that shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY." If within fourteen (14) days of production of any discovery responses, documents, or materials not marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" the producing party has not notified all parties of a claim of confidential treatment with respect to such discovery responses, documents, or materials, such discovery responses, documents, or materials no longer shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."

2. A party or non-party may designate information disclosed during a hearing or deposition or in response to written discovery as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" by so indicating in said response or on the record at the hearing or deposition. Any other party may object to such a proposal in writing or on the record. Upon such an objection, the procedures described in Paragraph 9 below shall be followed. After any designation made according to the procedure set forth in this Paragraph 2, the designated information shall be treated according to the designation until the matter is resolved, and counsel

for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. Except with the prior written consent of the designating party or non-party, or upon prior order of this Court obtained upon notice to the designating party or non-party, discovery responses, documents, information, and materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

    (a) Counsel for Plaintiff, counsel for Defendants, and co-counsel retained for this litigation;

    (b) Employees of such counsel;

    (c) The parties and any employee or officer of a party, to the extent deemed necessary by counsel, for the prosecution or defense of this litigation with the exception of discovery responses, documents, information, or materials designated as "CONFIDENTIAL ATTORNEY'S EYES ONLY;"

    (d) Experts and consultants retained for the prosecution or defense of this litigation, provided that each such expert or consultant shall, before being shown such discovery response, document, information, or material designated as "CONFIDENTIAL," execute a copy of the Certification annexed to this Order, <u>Exhibit A</u>, which executed Certification shall be held by counsel for the party who retained the expert and consultant and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court;

    (e) Any authors or addressees of the discovery response, document, information, or material designated as "CONFIDENTIAL;"

(f) The Court, court personnel, and court reporters; and

(g) Testifying witnesses. A testifying witness shall be treated as in Paragraph 3(d) above. Any testifying witness who will not sign the Certification may be shown discovery responses, documents, information, and materials designated as "CONFIDENTIAL" only in a deposition at which the party or non-party who produced such discovery response, document, information, or material is represented. At the request of any party or non-party represented at the deposition, the portion of the deposition transcript involving the discovery response, document, information, or material designated as "CONFIDENTIAL" shall be designated "CONFIDENTIAL" pursuant to Paragraph 2 above. Testifying witnesses who are shown discovery responses, documents, information, or materials designated as "CONFIDENTIAL" shall not be allowed to retain copies.

4. Any persons receiving information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall not reveal to or discuss such information with any person who is not entitled to receive such information, except as set forth herein.

5. If any party desires that materials containing information designated as "CONFIDENTIAL" be filed with the Court, the parties shall attempt to confer in advance of filing to determine if the materials containing such information can be redacted in a manner such that the redactions do not impact the purpose for which the materials containing such information are being filed with the Court. If the parties are unable to confer in advance, if the parties are unable to reach an agreement, or if the redactions would impact the purpose for which the materials containing information designated as "CONFIDENTIAL" are being filed with the Court, the party filing the materials containing such information will file them in conformance with Local Rule

4

5.03. If the party who filed the document did not designate the document as confidential, the party who designated the document as "CONFIDENTIAL" shall bear the burden of supporting the request to seal by filing a response to the motion to seal within fourteen (14) days of filing, in conformance with Local Rule 5.03(b).

6. No party shall have the right to designate as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" any discovery responses, documents, information, or materials produced by an adverse party. Any party may voluntarily disclose to others without restriction any information designated by that party as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."

7. The restrictions and obligations of this Order shall not apply to any information that: (a) is public knowledge; (b) becomes public knowledge through no fault of any party to this Order; or (c) comes into the possession of a party to this litigation other than through the disclosure of such information in this litigation.

8. If a party contends that any material is not entitled to designation as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY," such party may at any time give written notice challenging such designation to the party or non-party who produced the material. The party or non-party who produced the material shall have seven (7) days from the receipt of such written notice to respond unless the Court orders a shorter or longer time. ~~The non-producing party may at any time apply to the Court for an order removing the designation of the material.~~ <u>The parties shall then attempt to resolve the dispute in accordance with the discovery dispute resolution procedures already in effect in this case.</u> In the event ~~the non-producing party applies to the Court for such an order~~ <u>the parties seek judicial resolution of the dispute</u>, the party

5

or non-party designating material as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" has the burden of establishing that the material is entitled to protection.

9. Notwithstanding any challenge to the designation of material as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY," all discovery responses, documents, or materials so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) The party or non-party who claims that the material is "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" withdraws such designation in writing; or

(b) The Court rules the material is not entitled to protection as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."

10. All provisions of this Order restricting the communication or use of discovery responses, documents, information, or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Within sixty (60) days after the conclusion of the litigation, a party in the possession of discovery responses, documents, or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY," other than that which is contained in pleadings and hearing or deposition transcripts that have been filed before the Court, shall destroy such discovery responses, documents, or materials. If the discovery responses, documents, or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" include an original document or material, instead of a copy, the party destroying the document or material must give the party that produced

the document or material at least fourteen (14) days' notice so that it may request return of the document or material.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of discovery responses, documents, or materials at trial or in other hearings on dispositive motions.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection or to affect the ability of a party or non-party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. Any non-party from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the non-party's respective counsel or by oral advice at the time of any deposition or similar proceeding.

14. Production of any discovery responses, documents, information, or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" by a non-producing party in response to an apparently lawful subpoena, motion, or order of or in any court or other governmental agency in another action shall not be deemed a violation of any of the terms of this Order. However, the party receiving such subpoena, motion, or order shall first promptly notify the producing party and, prior to production, if it can be done without placing the non-producing party in violation of the subpoena, motion, or order, shall give the producing party the opportunity to secure confidential treatment, whether by protective order or otherwise, for such discovery responses, documents, information, or materials upon terms comparable to those applicable to such discovery responses, documents, information or materials under the terms of this Order and/or seek to block the production.

15. Discovery responses, documents, and materials designated "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall be subject to all of the provisions of this Protective Order that

apply to "CONFIDENTIAL" discovery responses, documents, information, and materials, except that "CONFIDENTIAL ATTORNEY'S EYES ONLY" discovery responses, documents, information and materials shall not be disclosed to any persons other than the Court in accordance with Section 5 above, those serving as counsel of record for the parties (including paralegals, secretaries, and clerical support personnel directly employed by such counsel and whose assistance is required for trial preparation in this action), and those who are serving as consultants or experts for the parties and have executed the attached Exhibit A, unless otherwise agreed in writing or ordered by the Court. Any experts or consultants will be bound by the terms of this Order and will sign the Certification.

16. A party's designation of discovery responses, documents, information, or materials as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall not be binding on the Court for any purposes, including, whether to seal or restrict access to the discovery responses, documents, information, or materials if offered as or made part of the record in this case. Nor shall any other provision of this Order be binding on or have any preclusive effect with respect to any determination by the Court of the propriety of restricting access to discovery responses, documents, information, and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" if offered as or made part of the record in this case.

**IT IS SO ORDERED**

_____
JUDGE

8

Case 3:20-cv-00143 | Document 57 | Filed 05/10/22 | Page 8 of 10 PageID #: 230

SUBMITTED FOR ENTRY:

/s/ Mark P. Chalos
Mark P. Chalos (#19328)
mchalos@lchb.com
Kenneth S. Byrd (#23541)
kbyrd@lchb.com
Andrew Kaufman (#33864)
akaufman@lchb.com
Christopher E. Coleman (#24950)
ccoleman@lchb.com
Leiff Cabraser Heimann & Bernstein LLP
222 Second Avenue, Suite 1640
Nashville, Tennessee 37201
(615) 313-9000

*Counsel for Plaintiff Maurice Anthony De'Houitt Albornoz*


/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700

*Defendants CoreCivic of Tennessee, LLC, Lorrie Henson, M.D., Craig Murray, and Chukwunonso Okonkwo*

# EXHIBIT A

## CERTIFICATION

I, _____, certify my understanding that confidential information is being provided to me pursuant to the terms and restrictions of the Agreed Protective Order Against Unauthorized Use or Disclosure of Confidential Information ("Protective Order"), dated _____, 2022, in *Albornoz v. CoreCivic of Tennessee, LLC, et al.* Civil Action Number 3:20-CV-143, and that I have been given a copy of and read that Protective Order and agree to be bound by it and submit to the jurisdiction of the United States Court for the Middle District of Tennessee in connection with that Protective Order. I understand that all such confidential information and copies thereof shall be maintained in a secure manner and shall be returned no later than thirty (30) days after the termination of this lawsuit to the counsel for the party or person who provided such confidential information unless said person or party in writing authorizes the destruction of the documents in question in lieu of return. I also understand that I am not to share any information gleaned or learned from the confidential information and that I am not to use the confidential information to further myself or any business, company, or organization with which I am affiliated or employed.

DATE: _____                    _____
                                            Signature